IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
Case No. 7:20-cv-00249-M

PETER BARCLAY,  )
                )
        Plaintiff,  )
                )
v.              )
                )           **OPINION**
USAA GENERAL INDEMNITY  )   **AND ORDER**
COMPANY; USAA INSURANCE )
AGENCY, INC. OF TEXAS; and UNITED )
SERVICES AUTO AGENCY,  )
                )
        Defendants.  )

This matter comes before the court regarding: (1) Plaintiff's motion to remand the original complaint to Robeson County, North Carolina Superior Court, filed January 15, 2021 [DE-11]; (2) the court's April 15, 2021 order to show cause [DE-16]; and (3) Defendants USAA General Indemnity Company and USAA Insurance Agency, Inc. of Texas's motion to dismiss or strike Plaintiff's amended complaint, filed May 5, 2021 [DE-20].

**I.    Order to show cause**

Because Plaintiff has not served Defendant United Services Auto Agency ("USAA") with process as directed by the court, Plaintiff's claims against USAA are dismissed.   Fed. R. Civ. P. 4(m).

**II.   Motion to remand the original complaint**

The record reflects that: (1) Plaintiff sued USAA General Indemnity Company and USAA Insurance Agency, Inc. of Texas (collectively, "Defendants") in Robeson County, North Carolina Superior Court on November 13, 2020: (a) bringing breach-of-contract and unfair-and-deceptive-trade-practices claims arising out of a dispute regarding a motor-vehicle insurance policy Plaintiff allegedly had with one or both

1

Defendants; and (b) claiming contract damages that could exceed $75,000, punitive damages, and treble damages under N.C. Gen. Stat. § 75-1.1 [DE-1-1 ¶¶ 6, 48, 56, and prayer for judgment]; and (2) Defendants removed the lawsuit to this court on December 16, 2020 pursuant to the federal diversity-jurisdiction statute, 28 U.S.C. § 1332, alleging that: (a) Plaintiff is a "resident of South Carolina";[1] (b) Defendants are both corporations with Texas citizenships alone; and (c) 28 U.S.C. § 1332's $75,000 amount-in-controversy requirement was satisfied by virtue of the allegations that Plaintiff made within the original complaint [DE-1 ¶¶ 2–7]. Plaintiff argues within his motion to remand that this is a "direct action" against an insurer under 28 U.S.C. § 1332(c)(1), meaning that Defendants are deemed to be citizens of South Carolina as well, defeating diversity jurisdiction. [*see generally* DE-11]

28 U.S.C. § 1332(c)(1), in relevant part, sets forth as follows:

> [I]n any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of—
>
>> (A) every State and foreign state of which the insured is a citizen;
>>
>> (B) every State and foreign state by which the insurer has been incorporated; and
>>
>> (C) the State or foreign state where the insurer has its principal place of business[.]

The question is therefore whether Plaintiff's lawsuit qualifies as a "direct action against the insurer of a policy or contract of liability insurance" within the meaning of 28 U.S.C. § 1332(c)(1). The court concludes that it does not. The Fourth Circuit has made clear that "'direct action' in [28 U.S.C.] § 1332(c)(1) does

---

[1] Although allegations of mere residence are insufficient for purposes of 28 U.S.C. § 1332, *see Axel Johnson, Inc. v. Carroll Carolina Oil Co.*, 145 F.3d 660, 663 (4th Cir. 1998) ("state citizenship for purposes of diversity jurisdiction depends not on residence, but on national citizenship and domicile, and the existence of such citizenship cannot be inferred from allegations of mere residence, standing alone." (citations omitted)), Plaintiff alleges within his motion to remand that he is a South Carolina citizen [DE-11 ¶ 4(e)].

not include an insured's suit against his or her own insurer for breach of the terms of the insurance policy or the insurer's own alleged tortious conduct[,]" including where an insured brings an unfair-and-deceptive-trade-practices claim against its insurer. *See Elliott v. Am. States Ins. Co.*, 883 F.3d 384, 395 (4th Cir. 2018) (affirming denial of motion to remand insured's lawsuit bringing N.C. Gen. Stat. § 75-1.1 unfair-and-deceptive-trade-practices claim against her insurer). Because Plaintiff's lawsuit is precisely the sort of suit that the *Elliott* court held did not qualify as a "direct action" under 28 U.S.C. § 1332(c)(1), and Plaintiff makes no other arguments within his motion as to why remand is required, Plaintiff's motion to remand the original complaint is DENIED.

### III. Motion to dismiss or strike the amended complaint

On April 21, 2021, Plaintiff filed an amended complaint on the docket that appears identical to the original complaint except for a modification of the prayer for judgment to cap his damages award at $65,000. [DE-17] Defendants moved on May 5, 2021 to: (1) dismiss the amended complaint pursuant to Federal Rules of Civil Procedure (hereinafter, "Rule") 15 and 41(b); or, in the alternative (2) strike the amended complaint pursuant to Rule 12(f). [DE-20]

Rule 15 allows a plaintiff to amend its complaint once as a matter of course within: (1) 21 days after serving the original complaint; or (2) 21 days after the plaintiff is served with a responsive pleading or Rule 12 motion to dismiss, whichever is earlier. Fed. R. Civ. P. 15(a)(1). Plaintiff served his initial complaint and Defendants filed their answer in 2020 [*see* DE-1; DE-6], meaning that Plaintiff's time to amend his complaint as a matter of course expired well before the amended complaint was filed in April 2021.

Plaintiff was therefore only able to amend his complaint with Defendants' consent or with leave of the court. *See* Fed. R. Civ. P. 15 (a)(2). Defendants' motion to dismiss/strike makes clear that Defendants do not consent to the amendment, so the court construes Plaintiff as effectively having made a motion seeking the court's leave to amend. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir.

3

1985) (recognizing that *pro se* litigants have an "untutored hand requiring special judicial solicitude" and saying that *pro se* "litigants with meritorious claims should not be tripped up in court on technical niceties").

The Fourth Circuit has said:

> Rule 15(a) directs that leave to amend shall be freely given when justice so requires. This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities.
>
> We have interpreted Rule 15(a) to provide that leave to amend a pleading should be denied only when
>
> [1] the amendment would be prejudicial to the opposing party,
>
> [2] there has been bad faith on the part of the moving party, or
>
> [3] the amendment would have been futile.

*Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (*en banc*) (internal quotation marks and citations omitted). Defendants do not argue prejudice or bad faith, but they do argue that the proposed amendments are futile in that they constitute a "transparent attempt to destroy diversity jurisdiction by reducing the amount in controversy below the threshold required in 28 U.S.C. § 1332." [DE-21 at 4–6]

The Supreme Court long ago said that "events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached" and that "subsequent reduction of the amount claimed cannot oust the district court's jurisdiction." *Saint Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293, 295 (1938). The Supreme Court and the federal courts of appeals have also echoed the *Saint Paul* rule more recently. *See Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 n.6 (2007) ("when a defendant removes a case to federal court based on the presence of a federal claim, an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction" (citing *Saint Paul*)); *In Touch Concepts, Inc. v. Cellco P'ship*, 788 F.3d 98, 101 (2d Cir. 2015) ("in cases removed on the basis of diversity[,] the filing of a post-removal amended complaint that reduces the amount in controversy below

4

the statutory threshold does not impair diversity jurisdiction" (citing *Saint Paul* and *Rockwell*)). Other district courts in this Circuit have noted "the futility of a post-removal attempt by a plaintiff to manipulate the amount in controversy[,]" *Campbell v. Rests. First/Neighborhood Rest., Inc.*, 303 F. Supp. 2d 797, 798 (S.D. W. Va. 2004), and where plaintiffs have proposed post-removal amendments to oust the district court of subject-matter jurisdiction elsewhere, the proposals have been rejected, *see Reece v. AES Corp.*, 638 F. App'x 755, 775 (10th Cir. 2016) (unpublished) ("the district court properly decided to decline Plaintiffs' amendment proposal" to change the class plaintiffs for purposes of modifying the relevant citizenships because "post-removal amendments are ineffective to divest a federal court of jurisdiction" (citing *Rockwell*)).

Plaintiff's proposed amendments therefore cannot destroy the court's jurisdiction under 28 U.S.C. § 1332, and are futile within the meaning of *Laber*. Plaintiff's effective motion seeking the court's leave to amend the complaint is accordingly DENIED, and Defendants' motion to strike the amended complaint from the docket is GRANTED pursuant to Rule 12(f).

SO ORDERED this the 16th day of July, 2021.

Richard E Myers II
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE