IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:20-cv-00249-M

PETER BARCLAY,

    Plaintiff,

v.

USAA GENERAL IDEMNITY
COMPANY, and USAA INSURANCE
AGENCY OF TEXAS,

    Defendants.

ORDER

This matter comes before the court on the Defendants' Motion for Summary Judgment as to all Claims by Plaintiff. DE 46. Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the Honorable Robert B. Jones, Jr., United States Magistrate Judge, issued a Memorandum and Recommendation ("M&R"), recommending that this court grant Defendants' motion as to their claim under the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA") and all claims against USAA Texas and deny the motion as to the breach-of-contract claim against USAA. DE 61. Plaintiff objected to the M&R's partial grant of Defendants' motion for summary judgment [DE 62] and Defendants objected to the M&R's denial of their motion as to Plaintiff's breach-of-contract claim [DE 63]. Having reviewed the entire record, the court accepts Judge Jones's recommendation and overrules the objections.

**I.   Standard of Review**

A magistrate judge's recommendation carries no presumptive weight. The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence

or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1). Absent a specific and timely objection, the court reviews only for "clear error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Under § 636(b)(1), a party's objections to an M&R must be "specific and particularized" to facilitate district court review. *United States v. Midgette,* 478 F.3d 616, 621 (4th Cir. 2007). On the other hand, "general and conclusory objections that do not direct the court to a specific error" in the M&R fall short of this standard. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (concluding that de novo review was still required under these decisions where a pro se litigant had objected to specific factual findings in the M&R).

**II. Analysis**

**Plaintiff's Objection**

Plaintiff's objection asks this court to deny Defendants' motion for summary judgment. Plaintiff's objection is cast in general and conclusory terms, but the court will briefly address the substance of the objection. The court notes that it accepted Plaintiff's late filed responses and additional documents filed at DE-53 through DE-59. *See* DE 58. The court's adoption of the M&R will allow the Plaintiff to make the arguments in his objection under a breach-of-contract theory, including that the engine damage "is not excluded when the vehicle is involved in an accident, as per USAA fineprints within the agreement." DE 62 at 2–4.

2

**Defendants' Objections**

The Defendants raise three objections to the M&R's recommendation that the court deny Defendants' motion for summary judgment as to Plaintiff's claim for breach of contract. DE 63. First, Plaintiff failed to provide admissible evidence that USAA breached the insurance contract. Second, Plaintiff's Complaint should not be treated as an affidavit for purposes of summary judgment. Third, Defendants requests for admissions ("RFAs") should be deemed admitted because the Plaintiff abandoned any argument to the contrary.

Plaintiff entered into a contract of insurance with USAA with an effective coverage period of April 23, 2019 to October 23, 2019. Compl. [DE 1-1] at 4; DE 48 at ¶ 3. Plaintiff filed a claim with USAA that he was traveling southbound on Interstate 95 and his vehicle struck debris in the middle of the highway. DE 1-1 at 5; DE 48 at ¶ 8. USAA provided towing service to Plaintiffs' shop of choice and provided a rental car. DE 1-1 at 6; DE 48 at ¶ 10. Plaintiffs vehicle subsequently needed repairs for damage including the lower shroud, radiator, engine, and head gaskets. DE-1-1 at 6; DE 48 at ¶¶ 11–12. USAA advised Plaintiff that it would not cover the damage to the engine because it determined the damage was due to mechanical failure and wear and tear resulting from the vehicle being driven without coolant. DE 48 at ¶¶ 13, 15–17.

An insurance policy "is a contract and its provisions govern the rights and duties of the parties thereto." *Nelson v. Hartford Underwriters Ins. Co.*, 177 N.C. App. 595, 605, 630 S.E.2d 221, 229 (2006). "Under North Carolina law, '[t]he elements of a claim for breach of contract are (1) existence of a valid contract and (2) breach of the terms of that contract.'" *E. Carolina Masonry, Inc. v. Weaver Cooke Constr., LLC*, No. 5:15-CV-98-BR, 2016 WL 749547, at *1 (E.D.N.C. Feb. 25, 2016) (quoting *Supplee v. Miller-Motte Bus. Coll., Inc.*, 768 S.E.2d 582, 590 (N.C. Ct. App. 2015)). An insured "has the burden of bringing itself within the insuring language

3

of the policy." *Nelson*, 177 N.C. App. at 606. The party asserting a breach of contract claim "has the burden of showing the existence of a valid contract and a breach of the terms of that contract." *D C Custom Freight, LLC v. Tammy A. Ross & Assocs.*, 273 N.C. App. 220, 226, 848 S.E.2d 552, 558 (2020). If a plaintiff's evidence "establishes the defense that the particular injury is excluded from coverage," summary judgment is proper. *Slaughter v. State Cap. Life Ins. Co.*, 250 N.C. 265, 269, 108 S.E.2d 438, 441 (1959).

The M&R weighed the parties' positions and supporting evidence, found a dispute of material fact, and recommended the court deny the motion for summary judgment as to Plaintiff's claim for breach of contract. Defendants' position is that the Plaintiff continued to drive after striking the alleged tire debris on the interstate, continued running the engine on the side of the road "while there were 'liquid sounds coming from the engine compartment' of the Truck," and the repair quote prepared by Aycock Transmission Auto Service "evaluated the vehicle and stated that the Truck continued to be driven after being damaged resulting in overheating and damage to the engine." DE 61 at 13. Therefore, Defendants contend the damage resulted from wear and tear and a mechanical failure and is not covered by the insurance policy.

Plaintiff does not dispute that he continued to drive his vehicle after it struck the tire debris in the roadway. *Id.* at 14. Instead, he argues that he continued driving until he could pull off the road as quickly and safely as possible. *Id.* at 14–15. He testified at his deposition that he was in the left lane when he hit the blown-out tire, cars were ahead of and beside his vehicle, and he worked his vehicle over to the right lane and pulled the vehicle over. *Id.* at 14. He testified the engine "shut off" after he hit the tire, he thought it was off when he pulled off the road, and he turned the key ignition off once the vehicle was off the road whether or not the engine was still

4

running. *Id.* at 15. Plaintiff contends the damage was caused by the collision and is covered under the insurance contract.

Although the parties agree the Plaintiff continued to drive his vehicle after it struck the debris, that does not necessarily lead to USAA's conclusion that the damage to the engine was not caused by the collision and excluded from coverage under the policy. Thus, there is a dispute of material fact rendering summary judgment inappropriate.

The Defendants' objection asserts the Plaintiff failed to provide admissible evidence that USAA breached the insurance contract. The Defendants argue it is undisputed that wear and tear and mechanical failure—excluded under the insurance policy—caused the engine damage and Plaintiffs' deposition does not create a dispute of material fact. DE 63 at 5–6. In Plaintiffs' deposition he conceded the only witness who could testify as to the cause of the engine damage was Michael Aycock. *Id.* at 6. Aycock reported "the engine damage resulted from overheating due to the vehicle driven without coolant, which caused mechanical failure." *Id.* Therefore, there is no dispute of material fact as to the cause of the engine damage.

Defendants' objection misses the mark. Plaintiff does not claim that his continuing to drive without coolant did not cause the mechanical failure. Instead, he argues that the damage to his vehicle from debris caused the damage that led to the loss of coolant and he only continued driving as necessary to drive off the road. Therefore, the damage resulted from the collision and is covered. That creates a dispute of material fact. In addition, the M&R correctly notes the Defendants overstate the strength of the evidence in their favor. DE 61 at 15–17 (noting the evidence is "somewhat speculative and not dispositive" and "indicate[s] uncertainty as to the cause of the engine damage.").

Defendants also argue that Plaintiff's verified complaint should not be treated as an Affidavit for Purposes of Summary Judgment and Defendants' RFAs should be admitted. These objections do not affect the disposition of this case. Even with the verified complaint excluded and the RFAs included, the Plaintiff's deposition and other record evidence present a dispute of material fact as to whether the engine damage was caused by the collision.

### III. Conclusion

The court ACCEPTS the M&R [DE 61] in full and GRANTS Defendants' Motion for Summary Judgment [DE 46] as to the UDTPA claim and all claims against USAA Texas and DENIES the motion as to the breach-of-contract claim against USAA.

SO ORDERED this 31st day of March, 2023.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE